■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H.
WOODARD, SR., Appellant.—Appeal from a judgment of the County Court of
Albany County, rendered May 16, 1974, convicting defendant, upon his plea
of guilty, of the crime of grand larceny in the third degree, a class E felony.
The record establishes that, prior to withdrawing his original plea of not
guilty and entering a plea of guilty on May 3, 1974, the court and the
defendant, with his counsel, agreed that the defendant had such a record as
would make him a multiple felony offender with a maximum of life impris-
onment and that one of the reasons for the plea of guilty was a promise that
the minimum punishment of one and one-half to three years would be
imposed pursuant to section 70.06 of the Penal Law. At the time the plea

was entered, the court and the defendant or his counsel did not discuss upon the record the nature of the underlying prior convictions. At sentencing on May 16, 1974, the court again pointed out to the defendant that he was a persistent felony offender and that, in accordance with the plea bargaining, the court was sentencing him as a second felony offender to a term agreed upon. However, it does not appear that, at that point in the proceedings, any mention was made upon the record as to the nature of the underlying prior convictions. Of course, the record would have reflected the correctness of the imposition of a second felony offender sentence if there has been compliance with CPL 400.21. Unlike the recent case of *People v Bryant* (47 AD2d 51) wherein the prior convictions were noted upon the record so as to establish compliance with the 10-year period specified in section 70.06 of the Penal Law, the present record is barren of any agreed facts to support the imposition of the second felony offender sentence. But, there has been no substantial compliance with CPL 400.21 to support a waiver of the defendant's rights under that statute or create an estoppel. As requested by the defendant and recommended by the People, the sentence should be vacated and the defendant returned for appropriate sentencing. Judgment modified, on the law and the facts, by vacating the sentence imposed; matter remitted to the Albany County Court for resentencing, and, as so modified, affirmed. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.