■ In the Matter of HATTIE SUMMERS, Appellant, v JOSEPH J. CHRISTIAN, as Chairman of the New York City Housing Authority, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the New York City Housing Authority which, after a hearing, terminated petitioner-appellant's tenancy on the ground of nondesirability, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated June 16, 1977, as denied the application to annul the determination. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and determination annulled. The determination was unsupported by substantial evidence on the record as a whole. There is no evidence that the fires were intentionally caused by petitioner or any members of her family. Nor is there any evidence that petitioner was negligent or that the fires occurred as a result of negligence. Accordingly, the determination must be annulled. Hopkins, J. P., Margett, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ANDERSON, Also Known as GEORGE AKINS, Also Known as GEORGE ANDERSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, dated April 15, 1975, convicting him of robbery in the third degree (two counts) and grand larceny in the third degree, upon his plea of guilty, and imposing sentence upon him as a prior felony offender. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed and case remitted to the County Court for resentencing. The record indicates that at the change of plea hearing on April 7, 1975 the court advised the defendant that it would impose a sentence of three to six years on the robbery convictions due to the fact that defendant had a prior felony record. At the time the guilty plea was entered nothing was discussed on the record regarding the nature of the underlying prior felony conviction. In fact, toward the end of the plea hearing, the court stated, after being advised that no prior felony information had been lodged against the defendant: "We will have to have one before he is sentenced." The District Attorney then advised the court that it would be filed before sentence. At sentencing, on April 15, 1975, the court again noted that the defendant had not been arraigned as a second felony offender. In response, defense counsel stated: "I think he has, your Honor. I think he admitted it on the plea date." The clerk of the court also stated: "Yes, your Honor, he was." Sentence was then imposed upon defendant as a second felony offender. Clearly, these responses to the court were incorrect. At no time, either during the change of plea hearing or at sentence, was any mention made upon the record as to the nature of the underlying prior felony conviction. Defendant has the right to challenge a prior felony information under CPL 400.21. Since there was "no substantial compliance with CPL 400.21 to support a waiver of the defendant's rights under that statute or create an estoppel" *(People v Woodard,* 48 AD2d 980, 981), the sentence must be vacated and the matter remanded to the County Court so that defendant may be sentenced appropriately. We have examined defendant's remaining point and find it to be without merit (see *People v Adams,* 26 NY2d 129). Rabins, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.