■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON BROCKETT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 10, 1977 (the date on the clerk's extract is January 11, 1977), convicting him of promoting prostitution in the second and third degrees, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress evidence. Judgment reversed, on the law and the facts, motion to suppress evidence granted, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The District Attorney, in his brief, concedes, and our review of the record confirms, that he failed to educe, at the suppression hearing, evidence which would support a finding that the defendant's arrest was predicated upon probable cause. The District Attorney argues, however, that the combined record of the hearing and trial establishes the validity of defendant's arrest and justifies the search incidental thereto which produced the incriminating physical evidence. The evidence adduced at a trial cannot be used to supply a deficiency of, or buttress, the evidence at a suppression hearing. At a suppression hearing the burden is upon the prosecution to "come forward with some evidence to show probable cause" (People v Baldwin, 25 NY2d 66, 70-71). When made before trial, as here, the motion must be determined before the trial begins (CPL 710.40, subd 3). Hence, the evidence forming the basis of that determination cannot be elaborated upon by evidence adduced at the trial. The inculpatory evidence here, both physical and oral, must be suppressed since it was developed following defendant's arrest, for which probable cause has not been properly established. Mollen, P. J., Hopkins, Titone, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE CRAWFORD, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed December 15, 1977, upon his conviction of manslaughter in the first degree, upon his plea of guilty, the sentence being a term of imprisonment with a minimum of five years and a maximum of 10 years (as a second felony offender). Sentence reversed, on the law, and case remitted to Criminal Term for resentencing. The record indicates (and the People concede) that at no time prior to the imposition of sentence was the defendant arraigned as a second felony offender. Nor was a predicate felony information filed against him by the prosecutor. In the absence of at least substantial compliance with CPL 400.21 sufficient to support a waiver of the defendant's rights thereunder or to create an estoppel (People v Woodard, 48 AD2d 980, 981), a second offender sentence must be vacated and the matter remanded to Criminal Term so that the defendant may be sentenced appropriately (People v Anderson, 60 AD2d 632). Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.