■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROBERT SMITH, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered September 30, 1977, convicting defendant upon his plea of guilty of the crime of escape in the first degree. On July 25, 1977 the defendant was indicted in a multicount indictment charging the crimes of escape in the first degree, burglary in the third degree and petit larceny. The indictment charged in its first count that the defendant on or about May 22, 1977 absconded from the Clinton Correctional Facility after having been previously convicted of the felony of criminal possession of stolen property in the second degree. On September 16, 1977, the defendant entered a plea of guilty to one count of the indictment charging escape in the first degree in satisfaction of the entire indictment. The plea bargain included an agreement that the sentence to be imposed would be "two to four years served consecutively" and that was the sentence imposed by the court as a second felony offender. Among other things, the defendant contends that the sentence was illegally imposed because of a lack of compliance with CPL 400.21. Where there has been a failure of substantial

compliance with the procedural provisions of CPL 400.21 in imposing a second felony offender sentence pursuant to section 70.06 of the Penal Law, the appropriate remedy is remittal for resentencing *(People v Woodard,* 48 AD2d 980). Unlike most second felony cases where the plea and/or sentencing proceedings were the vehicles for establishing that there was a prior felony conviction within 10 years, the instant case additionally has the indictment as a reference for establishing the prior felony conviction. In this case it was criminal possession of stolen property in the second degree, a class E felony, from which sentence he escaped. At the most the sentence for that crime is four years (Penal Law, § 70.00, subd 2, par [e]) and, accordingly, the plea of guilty to the first count of the indictment does establish a presumptive second felony offender situation. The defendant at no time questioned his situation and, since the record substantially establishes the matters required by CPL 400.21, there is no need for remittal in this case (see *People v Bryant,* 47 AD2d 51; cf. *People v Woodard, supra).* The defendant urges several other bases for relief in this case, including allegations of unconstitutionality. However, upon consideration of such issues, the conviction must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.