OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
This decision involves the heretofore undecided question concerning the sentence of a potential second felony offender when he is subject to such a sentence but he is not sentenced in accordance with section 70.06 of the Penal Law.
A review of prior judicial decisions has not enlightened this court as to the disposition of this oral motion by the People for setting aside the sentence previously imposed which has been served.
Defendant on or about January 23, 1979, after a plea of guilty under a superior court information to the crime of attempted criminal possession of a forged instrument in the second degree, a class E felony, was sentenced to a definite sentence of one year. The defendant was thus remanded on January 23, 1979 to the Dutchess County jail to serve his sentence.
On May 10, 1979, the People orally moved to vacate the *313 sentence on the grounds that at the time of sentencing they were not aware that defendant had been previously convicted of a felony and therefore it was necessary that he be sentenced as a second felony offender (Penal Law, § 70.06). Thereafter, the motion made by the People was adjourned at the request of the defendant for the most part for his attorney’s appearance on his behalf. During that period defendant completed the sentence previously imposed and was released on June 1, 1979 from the Dutchess County jail upon his alleged expiration of his sentence.
By motion dated August 20, 1980, the defendant has moved to dismiss the People’s application to set aside his sentence, which the court will treat as a cross motion. He opposes the motion of the People on the grounds that any motion to vacate the sentence by the People must be in writing, and their failure to make, such motion in writing within one year after judgment was entered is in contravention of the provisions of CPL 440.40; that vacating the judgment now would be prejudicial in view of subsequent sentences imposed upon him as it would deprive him of certain jail time credits; that he pleaded guilty solely upon the assurance that he would receive a one-year term of imprisonment and if the sentence is set aside, he should be allowed to withdraw his guility plea and upon other grounds set forth in his moving papers.
The cross motion of defendant is opposed by the People on the grounds that any delay was occasioned by the many requested adjournments on the part of defendant; that CPL 440.40 does not require a motion in writing; that defendant apparently may have served a substantial portion of any sentence that can be imposed because of his second felony offender status and that while defendant has failed to set forth any grounds to justify the vacating of his plea of guilty the People do not oppose withdrawal of the plea, and if the court does not do so, it should deny the motion in the entirety.
The provisions of section 70.06 of the Penal Law expressly provide that the sentencing provisions encompassed by the same are mandatory (Penal Law, § 70.06, subd 2). In the proceeding at bar, it appears that those provisions *314 were not observed because of the lack of knowledge by the probation department and the People at the time of sentencing that defendant had previously been convicted of a predicate felony. This court is satisfied after reviewing the papers submitted for and against the motion that the failure to have defendant arraigned as a second felony offender prior to the time, of his sentencing was an oversight on the part of the People and not the result of any deliberate conduct on their part. Under such circumstances, the sentence previously imposed on January 23, 1979 must be vacated as a nullity (People v Brown, 54 AD2d 719).
It would also appear that any delay in the consideration of this motion was occasioned solely by requests made on behalf of defendant, and that no delay can be attributable to the failure of the People. Additionally, there is no expressed statutory prescription requiring that the motion by the People be in writing, and it appears from the record that the defendant was sufficiently appraised of the nature of the motion at the time it was made in court on May 10, 1979. Accordingly, the court will not withhold its discretion to vacate the prior sentence on the procedural grounds now raised by defendant.
As to that portion of the motion wherein defendant seeks to vacate his plea of guilty, the court grants the same under the peculiar circumstances of this case as the court will assume, without conceding the same as a fact, for the purposes of this motion that defendant was induced to enter into a plea in part upon the expectation of receiving a sentence of one year.
As the sentence has now been vacated as a nullity, it is only appropriate that the plea of guilty also be vacated, and a “Not Guilty” plea is made by the court as to the information, and the case is placed on the first motion calendar of the next Criminal Term.