OPINION OF THE COURT
Gloria Goldstein, J.
In two separate indictments defendant was charged with the crimes of kidnapping in the first degree, robbery in the first degree, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and criminal use of a firearm in the first degree.[1]
On March 5,1984 defendant pleaded guilty to attempted rape in the first degree and attempted robbery in the first degree, in full satisfaction of both indictments.[2]
On March 28,1984, the People filed a statement with the court, requesting that the defendant be sentenced as a second violent felony offender. Counsel for the defendant controverted the predicate violent felony statement, claiming that the prior conviction was a “YO” (youthful of *338 fender) and thus could not serve as a predicate. A hearing thereon was held before this court pursuant to CPL 400.15 (subd 5).
This court makes the following findings of fact and conclusions of law:
On December 20, 1968, in the United States District Court for the Southern District of New York, defendant pleaded guilty to violating section 371 of title 18 of the United States Code. The defendant received youthful offender treatment under the Federal Youth Corrections Act (US Code, tit 18, § 5005 etseq.). Pursuant to subdivision (b) of section 5010 of title 18 of the United States Code, defendant was committed to the custody of the Attorney General as a youthful offender for treatment and supervision until discharged by the Federal Youth Correction Division of the Board of Parole as provided in subdivision (c) of section 5017 of title 18 of the United States Code.[3]
It is this conviction which the People contend is a predicate violent felony conviction as defined in section 70.06 of the Penal Law and on the basis of which the defendant may be sentenced as a second violent felony offender.
Clearly, under the Federal Youth Corrections Act, an accused who is deemed to be a young adult offender, initially stands convicted of a crime (Tuten v United States, 460 US 660; People v Celli, 105 Misc 2d 1005, affd 91 AD2d 1071).
However, subdivision (a) of section 5021 of title 18 of the United States Code provides that: “Upon the unconditional discharge by the commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.”
The words of the statute are clear. Once an individual has been unconditionally discharged under this section, such discharge automatically sets aside the conviction (see Tuten v United States, supra).
Under New York law, the burden of proof is on the People to demonstrate beyond a reasonable doubt that a *339 defendant sought to be sentenced as a second violent felony offender has a predicate violent felony conviction (CPL 400.15, subd 7, par [a]). As proof of defendant’s predicate conviction, the People have submitted, and rely primarily, on a certified copy of defendant’s judgment of conviction and commitment as a youth offender. Notwithstanding this proof, the distinct possibility remains that prior to the expiration of the maximum sentence imposed on him, the defendant was unconditionally discharged, thereby automatically setting aside the conviction (US Code, tit 18, § 5021, subd [a]).
Defendant’s N.Y.S.I.S. (New York State Identification System) sheet, introduced as People’s exhibit No. 2, does not reflect this conviction. Indeed, its absence could be attributable to the conviction’s expungement. Similarly, People’s exhibit No. 3, a certified extract of the defendant’s criminal docket entries in the United States District Court for the Southern District of New York, gives no indication as to whether or not the conviction has been expunged.
The People introduced defendant’s Federal Bureau of Investigation criminal record sheet, which states “6 yrs (Y.C.A. 5010-b) rel by full term expiration 5-5-75”. This record, however, gives no indication as to what conviction this information relates. The expiration date of May 5, 1975 is longer than six years from the date of conviction which is the basis of the People’s predicate statement. No explanation for this additional period of time has been offered by the People. If, in fact, the entry on the F.B.I. sheet referred to defendant’s December 20, 1968 conviction, then pursuant to statute (US Code, tit 18, § 5017, subd [c]) defendant’s maximum sentence would have expired on December 20, 1974, and not May 5, 1975, as indicated in the entry. This court, therefore, has a reasonable doubt as to whether the record entry pertains to the conviction specified in the People’s predicate statement.
In addition to the exhibits offered, the People called one witness, a supervising investigator of the District Attorney’s office. This witness testified that he had no personal knowledge as to whether defendant’s Federal conviction had been set aside and that he had not investigated the files of the United States District Court, concerning defendant’s conviction. The People had the onus of producing *340 evidence, such as the actual court file, or a witness with knowledge of the facts, to verify defendant’s predicate status. In sum, there has been insufficient evidence presented at this hearing to convince this court, beyond a reasonable doubt, that defendant’s prior conviction was not set aside. Indeed, this court has a reasonable doubt and that doubt must be resolved in favor of the defendant.
Finally, it ought be noted that this court must respectfully disagree with the position taken by the courts of two sister States to the effect that the defendant bears the burden of alleging and proving that a prior conviction has been set aside, pursuant to subdivision (a) of section 5021 of title 18 of the United States Code. (Cf. State v Pacheco, 121 Ariz 88; State v Cummings, 607 SW2d 685 [Mo]). Since the burden is on the People to prove beyond a reasonable doubt the existence of a prior conviction, they must concomitantly disprove beyond a reasonable doubt, the setting aside of such conviction, pursuant to subdivision (a) of section 5021 of title 18 of the United States Code.
People v Rivera (100 AD2d 914) recently decided by the Appellate Division, Second Department, is not to the contrary. In that case, the court stated, with respect to a Sandoval hearing, a defendant bears the burden of proving the expungement of his prior conviction, pursuant to the Federal Youth Corrections Act. People v Sandoval (34 NY2d 371) itself, of course, places the burden of proof regarding prior convictions upon the defendant.
With respect to the establishing of predicate felony convictions for sentencing purposes, however, New York by statute (CPL 400.15, subd 7, par [a]) has placed that burden on the People.
In the case at bar the People have failed to meet that burden.
Accordingly, defendant is adjudicated a first offender.[4]

. The charges of kidnapping in the first degree were dismissed on the motion of the People.

. Before accepting the defendant’s guilty pleas, this court explained to the defendant that there was a question as to whether he had any prior convictions which could be considered as predicate felony offenses for sentencing purposes. This court, with the consent of the People, indicated to the defendant its intention of imposing concurrent 2Vz- to 7[1]/2-year terms if he was a first felony offender; concurrent 3- to 6-year terms if a second felony offender; concurrent 4- to 8-year terms if a second violent felony offender; concurrent 8 years to life terms if a mandatory persistent felony offender.

. The court notes that there no longer is a Youth Correction Division of the Board of Parole. Youth correction decisions are now made by the United States Parole Commission (90 US Stat 231 [eff 60 days after March 15, 1976]).

. This court notes that the defendant’s alleged Federal conviction of bank robbery contains all of the essential elements of the New York crime of robbery in the third degree. As such, the defendant’s conviction under the Federal statute would have constituted a predicate felony conviction within the meaning of section 70.06 (subd 1, par [b]) of the Penal Law. The Federal offense, however, contains none of the aggravating elements which under New York law elevate the crime of robbery in the third degree to the violent felonies of robbery in the second degree and robbery in the first degree. Consequently, the defendant’s conviction under the Federal statute could not, in any event, have been considered a predicate violent felony conviction under New York law (see Penal Law, § 70.04, subd 1, par [b]; People v Manino, 81 AD2d 896).