■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MORRISON, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Marano, J.), imposed November 29, 1982, upon his conviction of criminal possession of a controlled substance in the fourth degree, after a plea of guilty, the sentence being an indeterminate term of imprisonment of three to six years, upon his adjudication as a second felony offender, to run concurrently with a previously imposed sentence. ¶ Sentence reversed, on the law, defendant's adjudication as a second felony offender vacated, and matter remitted to the Supreme Court, Kings County, for resentencing. ¶ The record establishes that at no time prior to the imposition of sentence did the prosecutor file and serve the required predicate felony information (CPL 400.21, subd 2), nor did the court advise defendant of his right to receive a copy thereof or of his right to controvert the allegation that he had previously been subjected to a predicate felony conviction (CPL 400.21, subd 3). Moreover, when defendant's attorney was unable to appear at the sentencing due to illness, the court merely assigned another attorney from the

courtroom, who had no prior knowledge of defendant's case and who was given no opportunity to consult with defendant in order to represent him for purposes of sentencing. Under these circumstances, defendant's admission in open court that he had been subjected to a predicate felony conviction cannot be construed as a knowing, intelligent and voluntary waiver of his rights under CPL 400.21 (cf. *People v Bryant,* 47 AD2d 51); in view of the lack of substantial compliance with that section, his adjudication as a second felony offender cannot stand (see, e.g., *People v Crawford,* 64 AD2d 612; *People v Anderson,* 60 AD2d 632; *People v Owens,* 58 AD2d 898). ¶ The People contend that compliance with CPL 400.21 was unnecessary by reason of subdivision 8 of that section, which provides: "8. Subsequent use of predicate felony conviction finding. Where a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise". While defendant did admit in open court that he had previously been adjudicated a second felony offender in another case, that admission suffered from the same infirmities as his admission regarding the predicate felony conviction. Defendant was entitled to a reasonable opportunity to consult with counsel and, if so advised, to seek a hearing on the limited issue of whether he had previously been found to be a second felony offender (*People v Morcilio,* 91 AD2d 1074). Of course, should it be determined after such a hearing that defendant had in fact been adjudicated a second felony offender on a prior occasion, he would then be foreclosed from challenging the validity of the predicate felony conviction. ¶ Finally, we reject defendant's contention that he should have been examined pursuant to subdivision (a) of section 23.07 of the Mental Hygiene Law prior to the imposition of sentence (*People v Carter,* 31 NY2d 964; *People v Topping,* 74 AD2d 703). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.