■ In the Matter of SAMUEL LOCKETT, Petitioner, v MICHAEL R. JUVILER et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent District Attorney from further prosecuting petitioner under indictments Nos. 46/81 and 270/81 and to require respondent Justice Juviler to reinstate petitioner's pleas which were vacated on September 13, 1983. ¶ Petition granted, without costs or disbursements, the respondents other than respondent Prevost are prohibited from prosecuting or entertaining the prosecution of the petitioner under indictments Nos. 46/81 and 270/81, and Justice Juviler is directed to reinstate petitioner's pleas, to commit him to a secure facility pursuant to CPL 330.20 (subd 3) and to conduct further proceedings as prescribed in CPLR 330.20. ¶ Petitioner, who served in the United States Air Force, was the subject of two indictments accusing him of several counts of robbery. On April 13, 1983 with the consent of the People, the Supreme Court, Kings County (Juviler, J.), accepted petitioner's pleas of not responsible by reason of mental disease or defect pursuant to CPL 220.15. Petitioner had contended that he was not criminally responsible due to his inability to appreciate the wrongfulness of his acts because of a posttraumatic stress disorder resulting from his experiences in Vietnam as a member of the United States Air Force. Based on extensive psychiatric reports which showed that petitioner was in fact suffering from a posttraumatic stress disorder due to his service in Vietnam (at least six different psychiatrists examined petitioner), the People conceded that the defense of lack of criminal responsibility could not be disproved beyond a reasonable doubt. The People's concession was made without benefit of petitioner's military records (one attempt to obtain the records was unsuccessful). The pleas were entered and an examination order pursuant to CPL 330.20 (subds 2, 3) was issued. However, the mandated hearing never took place. ¶ Subsequent to the pleas and examination order, petitioner's military records were obtained by the People. His records show that he had never served in Vietnam. Upon learning this fact, the People successfully moved to vacate the pleas based on fraud. Criminal Term, in an opinion, reasoned that since petitioner obtained consent to the pleas by fraud (claiming he had served in Vietnam when in fact he had not), the court was empowered to vacate the pleas. The petitioner has now brought this proceeding to prevent any future prosecution under the indictments for which the questioned pleas were accepted and for a reinstatement of the pleas. The petition is granted. ¶ First, it is noted that this proceeding arose in large part due to the failure of the People to timely obtain petitioner's military records. If the records had been obtained prior to the plea application the People would in all likelihood not have agreed to its acceptance. Second, although acceptance of the petitioner's pleas of "not responsible by reason of mental disease or defect" (CPL 220.15) may have been based upon erroneous information given to the psychiatrists by petitioner himself, under the circumstances of this case, no satisfactory authorization exists for the court to have vacated the pleas and

subsequent commitment to a secure facility pursuant to statute (CPL 330.20, subd 3). Thus the vacatur was improper and invalid (cf. *Matter of Campbell v Pesce,* 60 NY2d 165). Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.