OPINION OF THE COURT
Lewis L. Douglass, J.
On January 4, 1984, the defendant Humberto Saez waived his right to be prosecuted by indictment and the court authorized the filing of a superior court information. The defendant pleaded guilty to the crime of attempted sale of a controlled substance in the fifth degree and, on January 30, 1984, was sentenced to six months in jail and five years’ probation. He was not sentenced as a predicate felon.
After the sentencing, the People discovered that the defendant had been previously convicted of a predicate felony in Michigan and, now, have applied, pursuant to CPL 440.40, for an order to set aside the sentence upon the ground that it was invalid as a matter of law. The People argue that the second felony offender sentencing provisions of section 70.06 of the Penal Law are mandatory and failure to sentence the defendant as a second felony offender was invalid as a matter of law. Conversely, the defendant argues that the sentence was not illegal and that resentencing would frustrate legitimate expectations of finality and violate the constitutional provisions against *126 double jeopardy, especially in this case where the defendant has already served his jail sentence. Therefore, the issue presented by this case is whether a court may set aside a sentence and resentence a defendant as a predicate felon when the prosecutor, due to a lack of knowledge of the previous felony, failed to file a predicate felony information statement before the original sentencing.
It is well established that, under certain circumstances, a court is allowed to set aside a sentence. (People v Wright, 56 NY2d 613; People v Minaya, 54 NY2d 360, cert den 455 US 1024; People v Blount, 54 AD2d 718; People v Crawford, 64 AD2d 612; People v Anderson, 60 AD2d 632; People v Brown, 54 AD2d 719.) CPL 440.40 (subd 1) provides that “At any time not more than one year after the entry of a judgment, the court in which it was entered may, upon motion of the people, set aside the sentence upon the ground that it was invalid as a matter of law.”
One recognized application of CPL 440.40 (subd 1) is in cases of clerical error. In People v Wright (56 NY2d 613, supra), where the Trial Judge had misspoken in sentencing the defendant to a concurrent, rather than a consecutive, sentence, the Court of Appeals allowed the court to correct the error. Also, in People v Minaya (supra) the Court of Appeals allowed a correction of a clerical error in imposing the negotiated term. Clearly, when a court makes a simple clerical error, it should be allowed to correct the mistake and impose the sentence that would be supported by the record.
In the present case, it is not claimed that the sentence imposed on January 30, 1984 was a clerical error on the part of the court. On the contrary, the court imposed a sentence that is supported by the record, which did not include a predicate felony information statement. Therefore, the sentence cannot be set aside as a clerical error.
Another application of CPL 440.40 (subd 1) is in cases where the sentence violates a statute. In People v Blount (54 AD2d 718, supra) the Supreme Court, Appellate Division, vacated as unlawful a sentence which violated the second felony offender sentencing provisions of section 70.06 of the Penal Law. The sentencing court had not followed the provisions of section 70.06 because it believed *127 that the statute was unconstitutional. Since the statute was constitutional, the sentence contrary to the statute was set aside as invalid as a matter of law.
In the present case, we are also dealing with section 70.06, but it is not alleged that the court refused to apply the second felony offender statute in a situation where the record warranted its application. Therefore, People v Blount (supra) is not determinative in this case.
Other courts have set aside sentences where the prosecutor failed to follow the proper procedure for determining whether the defendant is a second felony offender. In People v Crawford (64 AD2d 612, supra) even though the prosecutor had not filed a predicate felony information statement, the defendant was sentenced as a second felony offender. That sentence was vacated. Similarly, in People v Anderson (60 AD2d 632, supra), the court held that “[s]ince there was ‘no substantial compliance with CPL 400.21 to support a waiver of the defendant’s rights under that statute or create an estoppel’ * * * the sentence must be vacated” (60 AD2d 632, citing People v Woodard, 48 AD2d 980). Clearly, a court cannot legally impose a second felony offender sentence when the prosecutor has not filed a predicate felony information statement.
Again, the present case does not fall within this class of cases. In the present case, since the prosecutor had not filed a predicate felony information statement, the court did not sentence the defendant as a second felony offender. Unlike People v Crawford (supra) and People v Anderson (supra) this sentence is supported by the record. Therefore, the sentence cannot be set aside on the basis of these cases.
In People v Brown (54 AD2d 719, supra) the sentence was set aside as invalid as a matter of law because, even though the defendant twice admitted, prior to his initial sentencing, that he was a second felony offender, the lower court failed to defer sentencing until the appropriate information statement had been filed by the prosecutor. Clearly, the holding in People v Brown is that when the defendant is a known second felony offender and the prosecutor has not filed a predicate felony statement, the court must defer sentencing until the appropriate statement has been filed *128 or else the sentence will be deemed invalid as a matter of law.
In the present case, the defendant was not known to be a predicate felon. The record shows that only after sentencing did the prosecutor discover the previous felony conviction in Michigan. It would seem that People v Brown (supra) can be distinguished from the present case, yet one County Court has held otherwise. (People v Sapp, 105 Misc 2d 312.)
In People v Sapp (supra, pp 313-314) the Dutchess County Court stated the following: “The provisions of section 70.06 of the Penal Law expressly provide that the sentencing provisions encompassed by the same are mandatory (Penal Law, § 70.06, subd 2). In the proceeding at bar, it appears that those provisions were not observed because of the lack of knowledge by the probation department and the People at the time of sentencing that defendant had previously been convicted of a predicate felony. This court is satisfied after reviewing the papers submitted for and against the motion that the failure to have defendant arraigned as a second felony offender prior to the time of his sentencing was an oversight on the part of the People and not the result of any deliberate conduct on their part. Under such circumstances, the sentence previously imposed on January 23, 1979 must be vacated as a nullity (People v Brown, 54 AD2d 719).”
In order to understand People v Sapp (supra) one must examine the policy concerns behind the decision. These concerns were well put in People v Brown (54 AD2d 719, supra), where the court stated the following: “The purpose of the procedures of CPL 400.21 is to ensure that defendants sentenced under section 70.06 of the Penal Law are, in fact, second felony offenders. That procedure was not intended to allow known second felony offenders to be sentenced as first offenders if the prosecutor failed to comply with its provisions.” But, the holding in People v Brown is based on the fact that the defendant was a known second felony offender who was not being prosecuted in the manner that the law mandated. People v Sapp (supra) takes the reasoning of People v Brown a step further, the concern being that, even though the defendant may not be *129 a known second felony offender, he is a second felony offender who is not being treated as one. It seems that People v Sapp is concerned about cases where a defendant will plead quickly, before the prosecutor has all the information, in order to escape the intent of the Legislature.
But CPL 400.21 places the burden of establishing the existence of a prior conviction on the prosecution. Under the statute, the prosecutor must file a statement and the defendant has a chance to controvert the prosecutor’s allegations. (CPL 400.21, subds 2, 3.) Subdivision 2 states the following: “When information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have previously been subjected to a predicate felony conviction, a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate felony conviction.”
In People v Plummer (124 Misc 2d 337, 339-340) the court stated the following, in discussing the allocation of burdens under the second violent felony offender statute, which is very similar to the second felony offender statute:
“The People had the onus of producing evidence, such as the actual court file, or a witness with knowledge of the facts, to verify defendant’s predicate status. In sum, there has been insufficient evidence presented at this hearing to convince this court, beyond a reasonable doubt, that defendant’s prior conviction was not set aside. Indeed, this court has a reasonable doubt and that doubt must be resolved in favor of the defendant.
“Finally, it ought be noted that this court must respectfully disagree with the position taken by the courts of two sister States to the effect that the defendant bears the burden of alleging and proving that a prior conviction has been set aside, pursuant to subdivision (a) of section 5021 of title 18 of the United States Code. (Cf. State v Pacheco, 121 Ariz 88; State v Cummings, 607 SW2d 685 [Mo]). Since the burden is on the People to prove beyond a reasonable doubt the existence of a prior conviction, they must concomitantly disprove beyond a reasonable doubt, the setting aside of such conviction, pursuant to subdivision (a) of section 5021 of title 18 of the United States Code.”
*130 The decision in People v Plummer (supra) seems to indicate that if the prosecutor does not meet the statutory burden and the sentence is not illegal, the nonsecond felony offender sentence must stand. Such a conclusion would be in accord with the statutory allocations of burdens as set forth in CPL 400.21.
Of course, the situation would have been completely different had the previous felony conviction been discovered prior to sentencing. After the plea was taken, the court clerk informed the defendant that if, at the time of sentencing, it was discovered that the defendant had a previous felony conviction, the sentence would be increased. Under such circumstances, the plea could have been vacated and the case would have proceeded as provided for in CPL 400.21. (People v Bartley, 47 NY2d 965; see, also, Matter of Campbell v Pesce, 60 NY2d 165.) But, since the previous felony conviction was discovered after sentencing, the only way to set aside the sentence is by finding it invalid as a matter of law as provided for in CPL 440.40 (Campbell v Pesce, supra).
Still, the plea bargain may be examined to determine whether possible fraud or lack of knowledge of the defendant’s previous felony conviction may render a sentence based on such a plea invalid as a matter of law. In Santobello v New York (404 US 257, 261), after stating that plea bargaining is an essential and highly desirable part of the judicial process because it leads to prompt and largely final disposition of most criminal cases, the Supreme Court added, “However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor.” However, in Matter of Lockett v Juviler (102 AD2d 869), the Appellate Division, Second Department, invalidated the vacatur of a “not responsible by reason of mental disease or defect” plea, even though it was based on fraudulent information provided by the defendant. The court stated (pp 869-870) that, “no satisfactory authorization exists for the court to have vacated the pleas and subsequent commitment to a secure facility pursuant to statute (CPL 330.20, subd 3).”
Although Santobello v New York (supra) expresses a desire for fairness in the plea bargaining process, Matter of *131 Lockett v Juviler (supra) seems to be in accord with the allocation of burdens as set forth in CPL 400.21 and discussed in People v Plummer. In Santobello v New York, the Supreme Court was merely stating that when the prosecutor makes a promise it ought to be carried out. Also, the decision in Matter of Lockett v Juviler (supra), is very clear. Where the prosecutor has not met the statutory burden, even fraud by the defendant will not invalidate a resolution in the defendant’s favor or give the prosecutor a second chance to meet the burden. Consequently, since the vacatur of a fraudulent plea was improper in Matter of Lockett v Juviler (supra) this court is unable to find illegality in a sentence simply because of insufficient knowledge on the part of the prosecutor during the plea bargaining.
After careful consideration of the case law on the application of CPL 440.40 (subd 1), this court finds that the sentence imposed on the defendant on January 30, 1984 cannot be set aside as invalid as a matter of law. It should be noted that this decision strikes a balance in the procedural requirements of the second felony offender statute. Just as a defendant who fails to raise an infirmity in a prior conviction and is later sentenced as a second felony offender cannot get a second chance to raise that infirmity (Gayes v New York, 332 US 145, reh den 332 US 784), a prosecutor who fails to meet the statutory burden under CPL 400.21 should not get a second chance to do so after lawful sentencing. A decision to the contrary would frustrate the policy of upholding the finality of criminal proceedings. (United States v Benz, 282 US 304; Matter of Lange, 18 Wall [85 US] 163, 167-174.)
Therefore, the People’s motion is denied.