■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LESTER SCARBROUGH, Respondent. — Order affirmed. Memorandum: The court did not err in denying the People's motion to resentence defendant as a second felony offender. The burden is on the People to file a predicate felony information "before sentence is imposed setting forth the date and place of each alleged predicate felony conviction" (CPL 400.21, subd 2). The People did not file a predicate felony information either at the time sentence was imposed or in support of their motion to vacate the sentence. The court properly sentenced defendant to two consecutive one-year terms of imprisonment in satisfaction of a plea of guilty to two class D felonies (Penal Law, § 70.00, subd 4). Inasmuch as that sentence was "in accordance with law," the court is without authority to change it once the period of the sentence has commenced (CPL 430.10).

All concur, except Boomer, J., who dissents and votes to reverse, in the following memorandum.

Boomer, J. (dissenting). The order denying the motion to set aside the sentence of defendant (CPL 440.40) should be reversed, the sentence set aside and the matter remitted to the trial court for the filing of a predicate felony statement prior to resentencing.

The sentence to a definite term of one year on each indictment was "invalid as a matter of law" (CPL 440.40, subd 1) because no predicate felony statement was filed as mandated by CPL 400.21 (subd 2) even though "information available to the court [and] to the people prior to sentencing for a felony indicate[d] that the defendant may have previously been subjected to a predicate felony conviction".

At the time defendant entered his guilty plea to both indictments, the District Attorney said he would file a predicate felony statement. The presentence report, which was available to the court at the time of sentencing, shows that defendant had previously been convicted of a felony. There is no question that the court was aware of defendant's previous felony record, for during the plea colloquy it informed defendant that he could receive a sentence of imprisonment for a minimum of 3½ years and a maximum of 7 years, a legal sentence only if defendant was a second felony offender.

At the time of sentencing, the District Attorney either forgot or ignored defendant's record and neglected to file the predicate felony statement. When sentencing the defendant, the court again demonstrated its awareness of defendant's prior felony conviction by reminding the defendant that if he were again convicted of a felony, he would be a persistent felony offender and would receive a life sentence. In spite of this, the court sentenced the defendant as a first felony offender to a definite term of imprisonment in the county jail.

The mandatory nature of the second felony offender sentencing statute is apparent. CPL 400.21 (subd 1) states that "[t]he provisions of this section govern the procedure that *must be followed* in any case where it appears that a defendant who stands convicted of a felony has previously been convicted of a predicate felony and may be a second felony offender" (emphasis added). Subdivision 2 provides: "When information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have previously been subjected to a predicate felony conviction, *a statement must be filed by the prosecutor before sentence is imposed* setting forth the date and place of each alleged predicate felony conviction" (emphasis added). Here, from the information included in the presentence report, which was available to the court and to the People prior to sentencing, there is an indication that the defendant may have previously been subjected to a predicate felony conviction. Thus, it was mandatory that the second felony offender statement be filed prior to sentencing. The failure to comply with this mandatory requirement rendered the sentence "invalid as a matter of law" (CPL 440.40, subd 1).

There can be no doubt that the Legislature considered the filing requirement of section 400.21 mandatory. This is indicated by a review of the sentencing legislation enacted at the same time as section 400.21 (L 1973, ch 277), and it is forcefully illustrated when the Legislature, in amending section 60.01 of

the Penal Law, in two instances, changed the word "shall" (which has sometime been construed by the courts to mean "may") to the unambiguous "must" (L 1973, ch 277, § 1). In the same bill, when it enacted the second felony offender statute, it continued the use of the mandatory word "must" (L 1973, ch 277, § 17, CPL 400.21).

Moreover, the Legislature took special care to see that the mandatory sentencing provision of the statute could not be circumvented. It provided that "[w]here the indictment charges a felony and it appears that the defendant has previously been subjected to a predicate felony conviction * * * then any plea of guilty * * * must be or must include at least a plea of guilty of a felony" (L 1973, ch 1051, § 16). Thus, the court could not circumvent the provisions of the second felony statute by accepting a plea to a misdemeanor where the crime charged was a felony and the defendant had a felony record. In view of the language and the scheme of the 1973 sentencing statute it is inconceivable that the Legislature intended that the court could circumvent its provisions by countenancing a neglect to file the predicate felony offender statement where it appears that defendant had been convicted of a predicate felony. Neither the neglect of the District Attorney nor the oversight of the court can cure the invalidity of the sentence.

The Second Department has adhered to these views (see *People v Brown,* 54 AD2d 719 [The procedure established by CPL 400.21 "was not intended to allow known second felony offenders to be sentenced as first offenders if the prosecutor failed to comply with its provisions."]; see, also, *People v Maldonado,* 82 AD2d 576, 578) and except for the decision of the majority of this court, there is no authority to the contrary. The decision handed down today creates a dangerous precedent, for it allows the recidivist sentencing provision, so carefully drafted by the Legislature, to be circumvented by plea bargaining and by the acquiescence of a sentencing Judge whenever he is inclined to extend leniency in violation of the legislative mandate. (Appeal from order of Niagara County Court, Hannigan, J. — motion to set aside sentence.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.