OPINION OF THE COURT
Shirley R. Levittan, J.
On November 13,1984, defendant pleaded guilty to the crime of robbery in the second degree (Penal Law § 160.10). At the time of his plea it was promised that if defendant was found to be a second violent felony offender (Penal Law § 70.04), he would receive a sentence of 6 to 12 years in prison. On the other hand, if defendant was found by the court to be a persistent violent felony offender (Penal Law § 70.08), he would receive a sentence of six years to life in prison.
The People have filed a statement alleging defendant to be a persistent violent felony offender. According to the People, defendant was convicted on February 8, 1974, of robbery in the second degree (Penal Law § 160.10), a class C violent felony, and on September 18, 1981, was convicted of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), a class D violent felony. Although defendant concedes he was convicted of these crimes, he argues he should not now, by virtue of his latest conviction, be determined a persistent violent felon. When defendant was sentenced for his conviction in 1981, the People *791 filed a statement alleging defendant to be a predicate felon instead of a predicate violent felon. Even though there is nothing on the record that indicates why this statement was filed by the People, at sentencing the Honorable Irving Lang found defendant to be a predicate felon. He was sentenced to a term of imprisonment of 2 to 4 years instead of 2xfa to 5 years, the minimum sentence allowed for a predicate violent felon.
In a well written and researched brief by defense counsel, John C. Needham and Alan D. Oboler, defendant argues that he cannot now be considered a persistent violent felon without first having been found to be a predicate violent felon. Such a finding would be contrary to the sequential order mandated by Penal Law § 70.08 (People v Morse, 62 NY2d 205 [1984]). After examining the provisions of Penal Law § 70.08, the court is not convinced by this argument. Defendant’s prior convictions, as is his current conviction, are violent felonies. The sentence on his 1974 conviction was imposed prior to his committing the crime which was the basis of his 1981 conviction, as was the sentence on his 1981 conviction prior to his present offense. Therefore, defendant meets all the statutory criteria of a persistent violent felony offender (Penal Law § 70.04 [1] [b]; § 70.08).
While it is true that defendant was not deemed to be a predicate violent felon in 1981, where a defendant’s criminal history meets the provisions of Penal Law § 70.08, it becomes mandatory that he be sentenced a persistent violent felon (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 400.16, p 222; see also, People v Brown, 54 AD2d 719 [2d Dept 1976]; People v Sapp, 105 Misc 2d 312 [County Ct, Dutchess County 1980]). Nowhere in the Criminal Procedure Law or the Penal Law is it required that the People file a statement on a defendant’s predicate conviction for him to be considered a persistent violent felon at a subsequent conviction. In the case at bar, defendant’s position is not unlike that of a person whose previous convictions are outside this State. Clearly, under a circumstance such as that, even though no statement was filed at all, if a person’s previous and present convictions meet all the statutory criteria, he must be deemed a persistent violent felony offender. Finding defendant to be a persistent violent felon is not a new or additional penalty for his prior conviction, but is a mandatory stiffened penalty for his current crime (see, People v Morse, supra, at pp 217, 218).
Also, the People’s failure to file a statement alleging defendant to be a second violent felony offender in 1981 does not estop the People nor constitute a waiver on their part from now *792 alleging defendant to be a persistent violent felon. The 1981 record both at the time of defendant’s plea and sentence is devoid of any reason why defendant was only considered to be a predicate felon. Absent a complete adjudication an estoppel is not created (see, People v Plevy, 52 NY2d 58, 64-65 [1980]). Furthermore, the mandatory provisions of CPL 400.16 and Penal Law § 70.08, coupled with a blank record, prevent the occurrence of any possible waiver on the part of the People from now alleging defendant to be a persistent violent felony offender (see, People v Maldonado, 82 AD2d 576, 578 [2d Dept 1981]; see contra, People v Saez, 125 Misc 2d 125 [Sup Ct, Kings County, Douglass, J., 1984]).
Finally, defendant argues that his previous convictions were obtained in violation of his constitutional rights. Upon a reading of the plea minutes of defendant’s previous convictions, this argument is without merit. It is clear from these minutes that at the time of both pleas defendant understood each of his rights and voluntarily waived them. These pleas, entered into both knowingly and voluntarily, were constitutionally obtained (People v Harris, 61 NY2d 9, 19 [1983]).
Therefore, it is the opinion of this court that defendant is a persistent violent felon for the purpose of sentence.