■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 16, 1984, convicting him of robbery in the first degree, robbery in the second degree (three counts), assault in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to 12½ to 25 years' imprisonment for the conviction of robbery in the first degree, 7½ to 15 years' imprisonment for each of the three convictions of robbery in the second degree and conditional discharges on the remaining convictions, all to be served concurrently.

Judgment modified, on the law, by vacating the sentences imposed upon the convictions of robbery in the second degree. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for a hearing pursuant to CPL 400.15 and for resentencing on those counts.

Viewing the evidence in the light most favorable to the People, as we must, and bearing in mind that credibility is primarily a matter to be determined by the trier of facts, we find that there was sufficient evidence in quantity and quality

to support the verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

The defendant's sentence of 12½ to 25 years' imprisonment for his conviction of robbery in the first degree was within the parameters of the sentencing statute as that crime is a class B violent felony offense *(see,* Penal Law § 70.02 [1]) as well as an armed felony offense *(see,* CPL 1.20 [41]) for which the court may impose a minimum term which is between one third and one half of the maximum term imposed *(see,* Penal Law § 70.02 [4]; § 70.02 [3]). The defendant's claim that this sentence is excessive lacks merit *(see, People v Suitte,* 90 AD2d 80).

The People concede that the defendant was improperly sentenced to three concurrent terms of 7½ to 15 years on his convictions of three counts of robbery in the second degree. It appears that the defendant was sentenced as a second violent felony offender without the court substantially complying with the procedures set forth in CPL 400.15 *(see, e.g., People v Morrison,* 100 AD2d 976); he must now be resentenced on those counts in conformance therewith.

We have considered the defendant's remaining contention and find it to be without merit. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.