*823 OPINION OF THE COURT
Michael L. Pesce, J.
In the motion before this court today, the defendant is contesting the District Attorney’s oral application to vacate his sentence and to resentence him as a second felony offender. The defendant was indicted by the Grand Jury and charged with burglary in the third degree, criminal mischief in the third degree, petit larceny and criminal possession of stolen property in the fifth degree.
The defendant pleaded guilty to burglary in the third degree, in exchange for which the court promised to impose a sentence of one year in jail. In keeping with that original promise, the court, with no objection from either the defendant or the People, sentenced the defendant to one year. Some three weeks after sentence was imposed, the People moved to vacate, citing ignorance of a prior felony conviction which would necessitate sentencing him as a second felony offender. For the first time, the People served him with a predicate felony statement (CPL 400.21).
In this motion to deny the People’s oral application, treated, for these purposes, as a cross motion (People v Sapp, 105 Misc 2d 312), the defendant claims that CPL articles 430 and 440 specifically prescribe the limits within which a sentence may be vacated, and that the proposed alteration of his sentence falls outside those limits. As CPL 430.10 clearly states, "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” The defendant maintains that his sentence is valid and in accordance with the law and therefore not subject to change.
Initially, it is clear that courts are permitted to set aside a sentence on motion of the People. CPL 440.40 (1) allows the People one year from the entry of judgment to make the application on the ground that the sentence is invalid as a matter of law. Such a change of sentence, an outgrowth of a court’s inherent power to correct a clerical error (see, People v Minaya, 54 NY2d 360; People v Wright, 56 NY2d 613), does not violate the general statutory prohibition against changing sentences (CPL 430.10). This is true even if the sentence has already commenced (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.40, at 506).
There are, however, limitations placed on a court’s power to *824 vacate a plea. If the defendant has begun serving his sentence, the court is without power to vacate the plea and sentence, notwithstanding that the plea itself may have been illegal (Matter of Campbell v Pesce, 60 NY2d 165). There is no statutory authority for such action; CPL 440.40 confers power to set aside only a sentence (supra, at 168). Of course, an illegally accepted plea could be vacated prior to sentence as an expression of the court’s inherent power to correct its errors (People v Bartley, 47 NY2d 965). The holdings of these cases would not prohibit a court from addressing the problem of an illegal sentence.
In the instant case, the People challenge the sentence imposed, maintaining that the one-year term given the defendant is invalid as a matter of law. Under the explicit instructions of the second felony offender statute, its provisions must be applied in any case where it appears that the defendant may be a second felony offender (CPL 400.21 [1]). Where information is available to the court or to the People that this may be the case, the People are required to file a predicate felony statement (CPL 400.21 [2]), the contents of which the defendant can challenge or accept.
The defendant argues that, by their failure to file the predicate statement before sentencing, the People in effect waived their right to do so. However, this is clearly not the intent of the statute. Cases which have analyzed the second felony offender statutory scheme, including its legislative history, have concluded that "it is inconceivable that the Legislature intended that the court could circumvent its provisions by countenancing a neglect to file the predicate felony offender statement where it appears that defendant had been convicted of a predicate felony. Neither the neglect of the District Attorney nor the oversight of the court can cure the invalidity of the sentence.” (People v Scarbrough, 105 AD2d 1107, 1109 [Boomer, J., dissenting opn], revd 66 NY2d 673 [per dissenting opn]; see also, People v Brown, 54 AD2d 719.) The failure to file the statement is not harmless error (People v Thomas, 113 AD2d 1029). The cases cited by the defendant in support of his motion (People v Scarbrough, supra; People v Saez, 125 Misc 2d 125) no longer represent a correct statement of the law. Scarbrough (supra), having been reversed by the Court of Appeals, certainly fails to support the defendant’s interpretation of the law.
In the instant case, the presentence report contained an extensive listing of past arrests, and the face sheet of the *825 report alluded to "some felony convictions”. Under the circumstances, both the District Attorney and this court should have been on notice that the defendant could well have been a second felony offender. All parties having failed to act in accordance with the statute’s mandatory provisions, the sentence was invalid as a matter of law (People v Brown, supra), and must be set aside.
Contrary to the defendant’s assertions, such a holding would not frustrate the defendant’s interest in the finality of criminal proceedings (People v Saez, supra). The defendant was placed on notice when arraigned at the time of his guilty plea that a prior felony conviction might subject him to "different or additional punishment”. The statute which gives the People authority to have an invalid sentence set aside merely mirrors the same authority granted the defendant upon a proper showing (see, CPL 440.20). The defendant’s interest in finality is likewise protected by the one-year time limit imposed upon the People for making such an application. Finally, this is not a situation where the defendant has completed his sentence, although that fact will not defeat a proper application (People v Sapp, 105 Misc 2d 312, supra).
Accordingly, the oral application made by the People is granted and the sentence imposed upon the defendant is vacated. The matter will remain on the Sentence Calendar for further proceedings consistent with this decision.