■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PRICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered March 6, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Despite the conduct of the prosecutor, which conduct we do not condone, the defendant was not deprived of a fair trial *(see, People v Rivera,* 39 NY2d 519, 523; *People v Crimmins,* 36 NY2d 230). We note that the trial court promptly handled the objectionable conduct of the prosecutor so as to avoid any possible prejudice to the defendant. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVETTE REMBERT, Appellant.—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Goldberg, J.), imposed December 16, 1986, upon her conviction of attempted robbery in the first degree, upon her plea of guilty, the sentence being an indeterminate term of 4 to 8 years' imprisonment.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant was sentenced, pursuant to Penal Law § 70.04 (4), to a minimum term of imprisonment consisting of one half the maximum term. There is, however, no indication in the record that the defendant was given an opportunity to controvert her status as a second violent felony offender *(see,* CPL 400.15). Accordingly, as the People concede, the matter must be remitted for resentencing and for a proper adjudication as to the defendant's status as a predicate felon *(see, People v Colon,* 122 AD2d 150; *People v Meadows,* 114 AD2d 1044; *People v Morrison,* 100 AD2d 976). Mollen, P. J., Bracken, Eiber and Spatt, JJ., concur.