■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BARNES, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J., at guilty plea and sentence), rendered March 10, 1988, convicting defendant, under separate indictments, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [two counts]) and sentencing him, as a second felony offender, to two concurrent indeterminate terms of imprisonment of from 2½ to 5 years, unanimously affirmed.

Defendant, under indictment No. 2661/87, was originally sentenced, on July 6, 1987, to a five-year term of probation. Prior to sentencing on indictment No. 5949/87, the People became aware that defendant should have been sentenced as a second felony offender under the first indictment. Fingerprint records, under the name "Craig Cacchio" and Clifford Barnes, established that defendant had previously been convicted of a felony.

Under these circumstances, the sentencing court properly granted the People's motion, pursuant to CPL 440.40 (1), to set aside defendant's sentence as invalid as a matter of law, and resentenced defendant as a second felony offender. We cannot condone defendant's deceit, evidenced by the use of aliases to avoid discovery of prior offenses, or the fraud perpetrated by him upon the court, in failing to disclose his true status during plea negotiations and sentencing.

We do not reward such culpable conduct or permit defendant to benefit from intentionally misleading the People and the court. Defendant's reliance upon *People v Saez* (125 Misc 2d 125) is misplaced, since *Saez* no longer represents a correct statement of the law, in view of the ruling of the Court of Appeals in *People v Scarbrough* (66 NY2d 673, *revg* on dissenting opn at 105 AD2d 1107, 1107-1109).

Defendant's remaining arguments have been considered and deemed meritless, since no uniform catechism is required of defendant entering a guilty plea *(People v Nixon,* 21 NY2d 338, 353) and defendant has not demonstrated that the sen-

tencing court abused its discretion in imposing the terms of imprisonment. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.