Appeal from a resentence of the Oneida County Court (Michael L. Dwyer, J.), rendered March 1, 2007. Defendant was resentenced upon his conviction of sexual abuse in the first degree (two counts).
It is hereby ordered that the resentence so appealed from is unanimously reversed on the law and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) in satisfaction of a seven-count indictment. County Court sentenced defendant as a second felony offender to consecutive five-year determinate terms of imprisonment on each count and a period of postrelease supervision of three years. In appeal No. 2, defendant appeals from a resentence of the same court, pursuant to which defendant was resentenced to consecutive five-year determinate terms of imprisonment on each count and a period of postrelease supervision of five years rather than three years. In appeal No. 3, defendant appeals from a resentence of the same court, wherein he was found not to be a second felony offender and was resentenced to consecutive five-year determinate terms of imprisonment on each count with a period of postrelease supervision of three years. We note at the outset that both the judgment in appeal No. 1 insofar as it imposed *1159 sentence and the resentence in appeal No. 2 have been superseded by the resentence in appeal No. 3, and thus both the appeal from the judgment in appeal No. 1 insofar as it imposed sentence and the appeal from the resentence in appeal No. 2 must be dismissed (see People v Haywood, 203 AD2d 966 [1994], lv denied 83 NY2d 967 [1994]; see also People v Marinaro, 45 AD3d 867 [2007]). We further note that defendant made a pro se motion to withdraw his plea pursuant to CPL 440.10 at the time of the resentence in appeal No. 3 and he objected at the time that the court did not find that he was a second felony offender, and thus defendant’s contentions on appeal are preserved for our review.
We agree with defendant in appeal No. 3 that the court erred in not finding that he was a second felony offender. The procedures set forth in CPL 400.21 “must be followed in any case where it appears that a defendant who stands convicted of a felony has previously been convicted of a predicate felony and may be a second felony offender” (CPL 400.21 [1]; see People v Scarbrough, 66 NY2d 673 [1985], revg on dissenting mem of Boomer, J, 105 AD2d 1107, 1107-1109 [1984]; People v Maldonado, 82 AD2d 576, 578 [1981]). The statutory requirement that a defendant with a predicate felony conviction be sentenced as a second felony offender was not intended “to be circumvented by . . . the acquiescence of a sentencing Judge whenever he [or she] is inclined to extend leniency in violation of the legislative mandate” (Scarbrough, 105 AD2d at 1109). We thus conclude that defendant must be sentenced as a second felony offender.
We note that the crimes to which defendant pleaded guilty are class D violent felonies for which the imposition of a five-year period of postrelease supervision is required inasmuch as defendant is a second felony offender (Penal Law § 70.45 [former (2)]). We therefore reverse the resentence in appeal No. 3 and remit the matter to County Court to afford defendant the opportunity to withdraw his plea or to be resentenced as a second felony offender (see People v Barber, 31 AD3d 1145, 1146 [2006]; People v Ford, 143 AD2d 522, 522-523 [1988], lv denied 73 NY2d 786 [1988]). Present—Hurlbutt, J.R, Centra, Peradotto, Green and Gorski, JJ.