■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBERTS, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J.), rendered May 15, 1984, which convicted defendant of robbery in the second degree and sentenced him as a predicate violent felon to a term of imprisonment of 7½ to 15 years, is unanimously modified, on the law, to the extent of remanding the case for resentencing before another Judge, and the judgment is otherwise affirmed.

Defendant's sentence must be vacated as the court below, in sentencing defendant to the maximum term permitted by law, was improperly influenced by its belief that defendant had received a "hopelessly inadequate" one-year sentence on his prior conviction. We have previously noted that it is inappropriate for a Judge to take into consideration in formulating a sentence his opinion that the defendant's prior sentences by other Judges were "less than adequate". *(People v Green,* 75 AD2d 502, 503.) The court below specifically labeled as inadequate defendant's sentence on a prior felony conviction. It then decided to "compensate for the fact that [defendant] has yet to receive an appropriate sentence" by sentencing defendant to the maximum term for a predicate violent felon, 7½ to 15 years.

Defendant's prior record was obviously a relevant factor at sentencing. However, it was an abuse of discretion to treat the perceived leniency of defendant's prior sentence as requiring compensation through the punishment to be imposed in the instant crime. This came dangerously close to violating the constitutional double jeopardy proscription against multiple punishments for the same crime. We are compelled to add that the personal attack on the part of the court below on the prior sentencing Judges must be condemned. The court's remarks were ill-tempered and unwarranted. Accordingly, we remand for resentencing before another Judge. Concur—Carro, Fein, Milonas and Wallach, JJ.

Sandler, J. P., concurs in the result only.