■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO ORTIZ, Appellant. [643 NYS2d 809] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the second degree, defendant contends that the police lacked reasonable suspicion to stop the vehicle of the codefendant in which he was a passenger. He further contends that his arrest was not based on probable cause. The stipulated record, however, does not contain motion papers establishing that defendant sought suppression on those grounds and thus, defendant has not preserved those issues for our review (see, CPL 470.05 [2]). Additionally, the record contains no final determination of County Court on a suppression motion, and therefore, defendant, by pleading guilty before the court rendered its final determination, forfeited review of those issues (see, People v Fernandez, 67 NY2d 686, 688). Moreover, even assuming, arguendo, that a suppression motion had been denied, defendant neither alleged nor established that he had standing to challenge the search of the vehicle and, therefore, no standing issue is preserved for our review (see, People v Carter, 86 NY2d 721, 722-723, rearg denied 86 NY2d 839; People v Reynolds, 216 AD2d 883, lv denied 86 NY2d 801). In any event, the record shows that the police had both reasonable suspicion to stop the codefendant's vehicle and probable cause for the arrest.

The record establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered (see, People v Lopez, 212 AD2d 1053, lv denied 85 NY2d 976). Moreover, the court did not err in summarily denying the motion of defendant to withdraw his guilty plea (see, CPL 220.60 [3]). Further, we note that, where, as here, defendant pleaded guilty to a lesser crime than that charged in the indictment, a factual colloquy is not required (see, People v Tirado, 214 AD2d 1044; People v Gould, 207 AD2d 989, lv denied 84 NY2d 1032).

Lastly, both the People and defendant agreed to the plea based upon the court's promise to sentence defendant to a period of incarceration of five years to life. The presentence investigation report indicates that, prior to his commission of the instant offense, defendant had been convicted of at least two felonies in the State of Rhode Island and was a second

felony offender. Under the circumstances, the People were required to file a second felony offender statement with the court prior to sentencing and the court was required to sentence defendant as a second felony offender (*see*, CPL 400.21). The failure to comply with those statutory mandates renders the sentence invalid as a matter of law (*see*, *People v Scarbrough*, 66 NY2d 673, *revg* 105 AD2d 1107 *on dissent of Boomer, J.*; *People v Martinez*, 213 AD2d 1072). Thus, we modify the judgment by vacating the sentence, and we remit the matter to Erie County Court to provide both the People and defendant the opportunity to move to vacate the plea and set aside the conviction in its entirety or, if they decline so to move, to resentence defendant as a second felony offender (*see*, *People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Martinez, supra*; *People v Keiffer*, 207 AD2d 1022, 1023). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.