(May 8, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON P. RUDDY, Appellant. [856 NYS2d 741]—

Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 15, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In July 2005, in full satisfaction of a two-count indictment and other pending charges, defendant pleaded guilty to the crime of burglary in the third degree, a class D felony, and received an agreed-upon sentence of time served and five years of probation. The terms of the plea included defendant's compliance with the terms and conditions of the Saratoga County Drug Treatment Court program. County Court specifically advised defendant that, in the event he failed to comply with the conditions of the plea, he would be resentenced to a prison term of $2\frac{1}{3}$ to 7 years. Thereafter, defendant was charged with and admitted to twice violating the terms of the Drug Treatment agreement. He was resentenced in May 2006 to a term of imprisonment in accordance with the terms of the July 2005 plea agreement and it was further recommended that he be allowed to participate in a shock incarceration program. Upon defendant's application for participation in the program, he was found ineligible based upon a July 1996 felony conviction in

Colorado. Defendant now appeals the judgment revoking his probation and resentence, claiming that such sentence is illegal.

At the outset, although defendant challenges the propriety of the original sentence imposed in July 2005, the record contains no indication that defendant ever appealed from the original judgment of conviction. As such, any questions regarding the original conviction and sentence are not properly before us on this appeal, and we may consider only the propriety of defendant's resentencing (*see* CPL 450.30 [3]; *People v Dabbs,* 178 AD2d 848, 848-849 [1991], *lv denied* 79 NY2d 946 [1992]; *see also People v Brown,* 307 AD2d 759, 759 [2003]).

With respect to the May 2006 resentence, we agree that such sentence is invalid as a matter of law due to the People's failure to file a predicate felony statement regarding defendant's Colorado felony conviction prior to resentencing (*see* Penal Law § 70.06 [1] [b] [i], [iv]; CPL 400.21 [2]; *People v Scarbrough,* 66 NY2d 673, 674 [1985]; *People v May,* 180 AD2d 974, 974 [1992]). The record reflects that the People and County Court were aware of the prior Colorado felony conviction prior to the original sentencing in July 2005. Moreover, the May 2006 presentence report contains this information and was available to both the People and County Court at the time of resentencing, at which time the People could have timely moved to set aside the original sentence and complied with the filing requirement (*see* CPL 440.40 [1]; *People v Holley,* 168 AD2d 992, 992 [1990]). Under these circumstances, the failure to comply with the mandatory filing requirements of CPL 400.21 (2) renders defendant's May 2006 sentence invalid as a matter of law and, consequently, the sentence must be vacated and the case remitted to County Court for the filing of a predicate felony statement and resentencing (*see People v Scarbrough,* 66 NY2d at 674; *People v May,* 180 AD2d at 974; *see also People v Adams,* 45 AD3d 1346, 1347 [2007]).

Upon remittal, County Court may not impose the agreed-upon prison sentence of 2⅓ to 7 years in the event that defendant is proven to be a second felony offender, as such sentence would be illegal (*see* Penal Law § 70.06 [4] [b]).* Rather, County Court may either permit defendant to withdraw his plea or ensure that defendant receives the benefit of his bargain by imposing a sentence with a minimum term of no greater than 2⅓ years (*see People v Surdis,* 23 AD3d 841, 842-843 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Sheils,* 288 AD2d 504, 505-

* Penal Law § 70.06 (4) (b) provides that, for a second felony offender convicted of a class D felony, the minimum term imposed must be one half of the maximum.

506 [2001], *lv denied* 97 NY2d 733 [2002]; *see generally People v Selikoff*, 35 NY2d 227, 240-242 [1974]).

Mercure, J.P., Kane and Kavanagh, JJ., concur. Ordered that judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.