# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

534

KA 06-00414

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS WORTH, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BETH A. RATCHFORD, ROCHESTER, FOR DEFENDANT-APPELLANT.

DOUGLAS WORTH, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered January 9, 2006 pursuant to the 2005 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1994 conviction of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from an order denying his application for resentencing upon his 1994 conviction of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1). We reject defendant's contention that Supreme Court erred in failing to conduct a hearing on his application. Where a person qualifies to apply for DLRA-2 resentencing, "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2005, ch 643, § 1; *see generally People v Williams*, 45 AD3d 1377). Here, however, defendant was serving a sentence for violent felony offenses, and thus he was precluded from applying for resentencing (*see* L 2005, ch 643, § 1; Correction Law § 803 [1] [d]).

In appeal No. 2, defendant appeals from an order denying his motion pursuant to CPL 440.20 to set aside the sentence of imprisonment of 2⅓ to 7 years imposed upon his 1990 conviction of attempted burglary in the second degree. We agree with defendant that the indeterminate sentence was illegal because the court failed to sentence him as a second felony offender (*see People v Motley* [appeal

No. 3], 56 AD3d 1158, 1159).  Because defendant is serving two consecutive indeterminate sentences for his 1990 and 1994 convictions with an aggregate maximum term of life in prison, we agree with him that the legality of the 1990 sentence cannot be considered moot (*see generally People v Curley*, 285 AD2d 274, 276, *lv denied* 97 NY2d 607). We therefore reverse the order, grant the motion and set aside the sentence, and we remit the matter to Supreme Court for the filing of a predicate felony statement and resentencing in accordance with the law (*see* CPL 440.20 [4]; *People v Ruddy*, 51 AD3d 1134, 1135, *lv denied* 12 NY3d 787; *People v McCants*, 15 AD3d 892).  We note, however, that there is no evidence in the record before us that defendant was promised a specific term of imprisonment of 2a to 7 years as a part of the plea agreement.  Thus, we reject defendant's contention that his plea must be vacated based on the court's inability to comply with the plea agreement.  Rather, if any specific sentence was promised as part of the plea agreement, the sentencing court has the discretion to impose that sentence or to afford defendant an opportunity to withdraw his plea (*see generally People v Selikoff*, 35 NY2d 227, 239-241, *cert denied* 419 US 1122).

We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that, to the extent that they have not been addressed by our decision herein, they are outside the scope of the instant appeals.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court