# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**699**

**KA 06-03122**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                        MEMORANDUM AND ORDER

JASON M. STUBBS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered August 28, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree is unanimously dismissed and the judgment is modified on the law by vacating the sentence imposed for murder in the second degree and as modified the judgment is affirmed and the matter is remitted to Monroe County Court for the filing of a predicate felony offender statement and resentencing on count one of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), arising from the shooting death of the victim. In appeal No. 2, he appeals from a resentence on the weapons possession counts. Viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict on that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence of defendant's intent the weight that it should be accorded (*see id.*).

Defendant's objection with respect to the cross-examination of a

defense witness by the People was sustained, and defendant failed to request a curative instruction with respect to that testimony. Defendant thus failed to preserve for our review his contention that County Court erred in failing to give a curative instruction (*see generally People v Rogers*, 70 AD3d 1340, 1340, *lv denied* 14 NY3d 892, *cert denied* ___ US ___, 131 S Ct 475).  In any event, defendant's contention lacks merit.

By failing to request that the court give an expanded charge on identification, defendant failed to preserve for our review his contention that the court erred in failing to do so (*see generally People v Robinson*, 88 NY2d 1001, 1001-1002).  In any event, that contention is without merit inasmuch as the court's charge "reasonably mirrored the expanded identification charge . . . and 'sufficiently apprised the jury that the reasonable doubt standard applied to identification' " (*People v Brooks*, 26 AD3d 867, *lv denied* 6 NY3d 892).

We further conclude, however, that the record establishes that defendant is a predicate felon and that the People failed to file the requisite predicate felony offender statement.  The court therefore sentenced defendant as a first violent felony offender.  "When it became apparent at sentencing that defendant had a prior felony conviction, the People were required to file a second felony offender statement in accordance with CPL 400.21 and, if appropriate, the court was then required to sentence defendant as a second felony offender . . . '[I]t is illegal to sentence a known predicate felon as a first offender' " (*People v Griffin*, 72 AD3d 1496, 1497).  Because we cannot permit an illegal sentence to stand (*see People v VanValkinburgh*, 90 AD3d 1553, 1554), we modify the judgment in appeal No. 1 and reverse the resentence in appeal No. 2 by vacating the sentences imposed, and we remit the matter to County Court for the filing of a predicate felony offender statement and resentencing in accordance with the law (*see People v Worth*, 83 AD3d 1547, 1548).

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court