# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

730

KA 12-00648

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CASEY J. HALSEY, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL), FOR DEFENDANT-APPELLANT.

CASEY J. HALSEY, DEFENDANT-APPELLANT PRO SE.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered April 21, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Wyoming County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]), defendant contends in his main and pro se supplemental briefs that he was denied effective assistance of counsel based upon the failure of defense counsel to either facilitate his testimony before the grand jury or to move to dismiss the indictment pursuant to CPL 190.50 (5) (c) based upon the alleged violation of his right to testify before the grand jury. That contention "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean*, 48 AD3d 1244, 1245, *lv denied* 10 NY3d 839 [internal quotation marks omitted]; *see People v Ruffin*, 101 AD3d 1793, 1794).

Defendant contends in his main brief that County Court's misstatement of his possible sentence, in the event that he violated the terms of his conditional discharge, as 4½ years of incarceration rather than four years rendered the plea coerced per se and therefore involuntary. Although defendant's contention that his plea was

involuntary survives his waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1698, *lv denied* 17 NY3d 817; *People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794), he failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Harrison*, 4 AD3d 825, 826, *lv denied* 2 NY3d 740).  In any event, considering the plea colloquy as a whole, we conclude that the inaccurate information defendant received regarding his possible sentencing exposure did not render the plea involuntary (*see generally People v Garcia*, 92 NY2d 869, 870-871).  We have considered the remaining contention in defendant's main brief and conclude that it is unpreserved (*see* CPL 470.05 [2]) and that, in any event, it is without merit.

In his pro se supplemental brief, defendant contends that the court erred in sentencing him as a first felony drug offender rather than a second felony drug offender.  We agree.  Where it is apparent that a defendant has a prior felony conviction, "the People were required to file a second felony offender statement in accordance with CPL 400.21 and, if appropriate, the court was then required to sentence defendant as a second felony offender" (*People v Griffin*, 72 AD3d 1496, 1497; *see People v Scarbrough*, 66 NY2d 673, 674, *revg* 105 AD2d 1107 *on dissenting mem of Boomer, J.*; *People v Martinez*, 213 AD2d 1072, 1072).  " '[I]t is illegal to sentence a known predicate felon as a first offender' " (*Griffin*, 72 AD3d at 1497; *see People v Stubbs*, 96 AD3d 1448, 1450, *lv denied* 19 NY3d 1001; *Martinez*, 213 AD2d at 1072).  Here, the People filed a second felony offender statement at the time of the indictment, but the court did not sentence defendant as a second felony offender.  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing in compliance with CPL 400.21.