Appeal from a judgment of the Cattaraugus County Court (M. William Boiler, A.J.), rendered February 27, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.34 [1]). Initially, we agree with defendant that his waiver of the right to appeal is invalid because “the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice” (People v Box, 96 AD3d 1570, 1571 [2012], lv denied 19 NY3d 1024 [2012] [internal quotation marks omitted]; see People v Doxey, 112 AD3d 1364, 1364-1365 [2013]; People v Jones, 107 AD3d 1589, 1589-1590 [2013], lv denied 21 NY3d 1075 [2013]), and because the court “improperly conflated the rights automatically forfeited by operation of law as the consequence of a guilty plea with those rights voluntarily relinquished as the consequence of a waiver of the right to appeal” (People v Daniels, 68 AD3d 1711, 1712 [2009], lv denied 14 NY3d 887 [2010]).
We reject defendant’s further contention that the court *1468 violated CPL 430.10 in resentencing him as a second felony offender. Contrary to defendant’s contention, “ ‘the trial court had the inherent power to correct an illegal sentence’ over the defendant’s objection where[, as here,] the corrected sentence fell within the range initially stated by the court” (People v DeValle, 94 NY2d 870, 871-872 [2000], quoting People v Williams, 87 NY2d 1014, 1015 [1996], rearg denied 89 NY2d 861 [1996]; see People v Coble, 17 AD3d 1165, 1165-1166 [2005], lv denied 5 NY3d 787 [2005]). The initial sentence was illegal because the information available to the court and the parties established that defendant was a second felony drug offender, and the court therefore could not impose a one-year period of postrelease supervision (see Penal Law §§ 70.45 [2] [d]; 70.70 [3] [b] [ii]). Consequently, the People were required to file a predicate felony statement and the court, upon concluding that he had such a conviction, was required to sentence defendant as a second felony drug offender (see generally People v Stubbs, 96 AD3d 1448, 1450 [2012], lv denied 19 NY3d 1001 [2012]; People v Griffin, 72 AD3d 1496, 1497 [2010]).
Finally, to the extent that defendant’s contention that he was denied effective assistance of counsel at sentencing survives his guilty plea, we conclude that it lacks merit (see People v LaCroce, 83 AD3d 1388, 1388 [2011], lv denied 17 NY3d 807 [2011]). Defendant “receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]).
We have considered defendant’s remaining contentions and conclude that they lack merit.
Present — Scudder, PJ., Smith, Carni, Lindley and Whalen, JJ.