# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1159

KA 12-01818

PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DOUGLAS B. WORTH, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

DOUGLAS B. WORTH, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered September 7, 2012. Defendant was resentenced upon his conviction of attempted burglary in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence of imprisonment of 2 to 4 years as a second felony offender upon his 1990 conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). In our prior decision, we granted defendant's CPL 440.20 motion to set aside the sentence originally imposed, determining that the sentence was illegal because Supreme Court failed to sentence him as a second felony offender (*People v Worth*, 83 AD3d 1547, 1548; *People v Worth*, 83 AD3d 1549). In his CPL 440.20 motion, defendant argued that he should have been sentenced as a second felony offender based on a prior conviction in 1989 of attempted robbery in the third degree. Although the plea colloquy from the 1990 conviction was not part of the record before us on the appeal from the CPL 440.20 motion (*see Worth*, 83 AD3d at 1548), that plea agreement was before the court when it resentenced defendant, and it showed that defendant had been promised a sentence of incarceration of 2⅓ to 7 years as a first felony offender.

We reject defendant's contention that the court erred in denying his motion to withdraw his plea. Defendant argued that the promised sentence could not be fulfilled and thus the only remedy was to allow him to withdraw the plea. We reject that contention. The court resentenced defendant to a sentence with a minimum and maximum term

less than what he was promised, and defendant therefore received the benefit of his bargain (*see People v Ruddy*, 51 AD3d 1134, 1135-1136, *lv denied* 12 NY3d 787; *see generally People v Collier*, 22 NY3d 429, 433-434, *cert denied* ___ US ___, 134 S Ct 2730). "[S]pecific performance of a plea bargain does not foreclose 'technical divergence from the precise terms of the plea agreement' so long as the defendant's reasonable expectations are met" (*Collier*, 22 NY3d at 433).

Defendant further contends that the court should have held a hearing pursuant to CPL 400.21 because he raised constitutional challenges to his 1989 conviction. Defendant, however, waived those challenges to the 1989 conviction. Defendant was adjudicated a second felony offender based on the 1989 conviction when he was sentenced on a conviction in 1994, and he did not show good cause for his failure to challenge the constitutionality of the 1989 conviction at that time (*see* CPL 400.21 [7] [b]; [8]; *People v Odom*, 63 AD3d 408, 409, *lv denied* 13 NY3d 798; *People v Scott*, 283 AD2d 1006, 1006-1007, *lv denied* 96 NY2d 907).

We have considered the contentions of defendant in his pro se supplemental brief and conclude that, to the extent that they have not been addressed by our decision herein, they are either outside the scope of this appeal or without merit.

Entered: November 13, 2015                     Frances E. Cafarell
                                               Clerk of the Court