# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

154

KA 13-02062

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DELVON HARLEY, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 25, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree and robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and two counts of robbery in the first degree (§ 160.15 [4]), defendant contends only that his sentence is unduly harsh and severe. We reject that contention. We note, however, that the sentence cannot stand inasmuch as County Court failed to sentence defendant as a second felony offender. "[I]t is illegal to sentence a known predicate felon as a first offender" (*People v Holley*, 168 AD2d 992, 993; *see People v Stubbs*, 96 AD3d 1448, 1450, *lv denied* 19 NY3d 1001). Here, the People filed a second felony offender statement, and defendant failed to controvert its allegations. By statute, the "[u]ncontroverted allegations in the statement shall be deemed to have been admitted by the defendant" (CPL 400.21 [3]; *see People v Neary*, 56 AD3d 1224, 1224, *lv denied* 11 NY3d 928). Moreover, "[w]here the uncontroverted allegations in the statement are sufficient to support a finding that the defendant has been subjected to a predicate felony conviction[,] the court must enter such finding" (CPL 400.21 [4]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing in compliance with CPL 400.21 (*see People v*

*Halsey*, 108 AD3d 1123, 1124-1125).

Entered:  February 3, 2017

Frances E. Cafarell
Clerk of the Court