■ The People of the State of New York, Respondent, v Randolph S. Mattice, Appellant. [59 NYS3d 242]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered May 12, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of criminal sale of a controlled substance (CSCS) in the third degree (Penal Law § 220.39 [1]). County Court sentenced defendant to concurrent, determinate terms of five years of incarceration with three years of postrelease supervision, and defendant contends that the sentence is unduly harsh and severe. We conclude that the sentence is illegal and that defendant therefore must be resentenced.

We address the illegality of "the sentence . . . despite defendant's failure to raise the issue in the trial court or on appeal" (*People v Adams*, 45 AD3d 1346, 1346 [2007]). The presentence report available to the court and uncontested by the parties at sentencing indicates that defendant had been convicted of a prior felony for which he may have been sentenced within the 10-year period preceding commission of the first count of CSCS in the third degree, as tolled by Penal Law § 70.06 (1) (b) (v) and excluding from that statutory period the time during which defendant was incarcerated on the prior felony (*see* § 70.06 [1] [b] [iv]; *People v Ellis*, 60 AD3d 1197, 1198 [2009]). Where, as here, "information available to the court or to the [P]eople prior to sentencing for a felony

indicate[d] that . . . defendant may have previously been subjected to a predicate felony conviction" (CPL 400.21 [2]), "the People were required to file a second felony offender statement in accordance with CPL 400.21 and, if appropriate, the court was then required to sentence defendant as a second felony offender" (*People v Griffin*, 72 AD3d 1496, 1497 [2010]; *see People v Scarbrough*, 66 NY2d 673, 674 [1985], *revg on dissenting mem of Boomer, J.*, 105 AD2d 1107, 1107-1109 [1984]). The People nevertheless failed to file a second felony offender statement herein, and the court illegally sentenced defendant, a known predicate felon, as a first felony drug offender (*see People v Halsey*, 108 AD3d 1123, 1124 [2013]). Moreover, as the People correctly concede, if defendant was properly sentenced as a first felony drug offender, the imposition of three years of postrelease supervision is illegal because the applicable period for such an offender upon conviction of a class B felony is "not less than one year and no more than two years" (§ 70.45 [2] [b]; *see* § 70.70 [2] [a] [i]). Inasmuch as we cannot allow an illegal sentence to stand, we modify the judgment by vacating the sentence imposed, and we remit the matter to County Court for the filing of a predicate felony offender statement and resentencing in accordance with the law. In light of our determination, we do not address defendant's challenge to the severity of the sentence. Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.