People v Graham (2019 NY Slip Op 03241)





People v Graham


2019 NY Slip Op 03241


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1428 KA 16-01794

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS GRAHAM, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MARCUS GRAHAM, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 15, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his respective pleas of guilty of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]). Defendant contends in his main brief in appeal No. 1 that his waiver of the right to appeal is invalid. We reject that contention. The record establishes that County Court (D'Amico, J.) engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]) and that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). Contrary to defendant's contention, "the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 341 [2015]; see People v Nicholson, 6 NY3d 248, 254-257 [2006]). Contrary to defendant's further contention, his " monosyllabic affirmative responses to questioning by [the c]ourt do not render his [waiver] unknowing and involuntary' " (People v Harris, 94 AD3d 1484, 1485 [4th Dept 2012], lv denied 19 NY3d 961 [2012]).
Defendant's valid waiver of the right to appeal forecloses our review of his challenges in his main and pro se supplemental briefs to the court's adverse suppression rulings in appeal No. 1 (see Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833 [1999]; People v Kates, 162 AD3d 1627, 1628 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]).
Defendant contends in his pro se supplemental brief in appeal No. 2 that the search of the vehicle in which he was a passenger was illegal and, thus, that the evidence seized as a result thereof, including the firearm, should have been suppressed. That contention is not properly before us. Defendant's contention depends on the establishment of his standing to challenge the search of the vehicle, but he did not have automatic standing inasmuch as the People's theory of possession was not based on the statutory automobile presumption (cf. Penal Law § 265.15 [3]), and he otherwise "neither alleged nor established that he had standing to challenge the search of the vehicle" (People v Ortiz, 227 AD2d 902, 902 [4th Dept 1996]).
Defendant further contends in his pro se supplemental brief in both appeals that he was denied effective assistance of counsel. Defendant's contention "survives his plea[s] and valid waiver of the right to appeal [in appeal No. 1] only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea[s] because of [his] attorney[s'] allegedly poor performance[s]" (Rausch, 126 AD3d at 1535 [internal quotation marks omitted]). To the extent that defendant's contention is based upon matters outside the record, including defendant's conversations with his attorneys and the content of off-the-record plea negotiations, it must be raised by way of a motion pursuant to CPL article 440 (see People v Tyes, 160 AD3d 1447, 1448 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received . . . advantageous plea[s], and nothing in the record casts doubt on the apparent effectiveness of [his attorneys]' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]).
Defendant contends in his main brief in appeal No. 2 that Supreme Court (Boller, A.J.) abused its discretion by directing that the sentence imposed in that appeal run consecutively to the sentence imposed in appeal No. 1. We reject that contention. Because defendant was convicted of a violent felony offense in appeal No. 2 that was committed after he was arraigned and while he was released pending sentencing on the felony charge in appeal No. 1, and because a determinate sentence was imposed in each case, the court was required to impose a consecutive sentence in appeal No. 2 unless it found, in pertinent part, "mitigating circumstances that bear directly upon the manner in which the crime [in appeal No. 2] was committed" (Penal Law § 70.25 [2-b]).
As defendant correctly notes, "lack of injury to others and nondisplay of a weapon [are] qualifying mitigating circumstances under Penal Law § 70.25 (2-b), because these factors bear directly on [a] defendant's personal conduct in committing the crime" (People v Garcia, 84 NY2d 336, 342 [1994]). Contrary to defendant's contention, however, "in exercising its discretion under Penal Law § 70.25 (2-b), the court is not precluded from considering traditional sentencing factors once qualifying mitigatory factors are found to be present" (id. at 343), and that is what occurred here. The court agreed with defendant that there were qualifying mitigating circumstances in appeal No. 2 inasmuch as he did not display or fire the weapon. The court nonetheless declined to exercise its discretion to impose a concurrent sentence upon its consideration of the totality of the circumstances, including defendant's criminal history and his conduct underlying the crime in appeal No. 2, i.e., possessing another weapon after absconding following the plea in appeal No. 1. Contrary to defendant's related contention, although the court noted that defendant's sentence in appeal No. 1 was not increased after he absconded and had to be returned on a warrant, we conclude that there is no indication that the court was influenced by any perceived leniency in the sentence in appeal No. 1 when it imposed sentence in appeal No. 2 (cf. People v Roberts, 120 AD2d 465, 465 [1st Dept 1986], lv denied 68 NY2d 773 [1986]).
Finally, contrary to defendant's contention in his main brief in appeal No. 2, the sentence in that appeal is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court