People v Smith (2021 NY Slip Op 04883)





People v Smith


2021 NY Slip Op 04883


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, TROUTMAN, AND BANNISTER, JJ.


643 KA 18-02052

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEROY SMITH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 17, 2018. The judgment convicted defendant upon a plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]), defendant, a predicate felon with a prior manslaughter conviction, contends that his bargained-for sentence, which includes a determinate term of incarceration of six years, is unduly harsh and severe. We conclude, however, that County Court erred in sentencing defendant as a second felony offender without first determining whether defendant had a predicate violent felony offense. Thus, if defendant is indeed a second violent felony offender, the sentence is illegal (see People v Paige, 137 AD3d 1659, 1660 [4th Dept 2016]).
Where it is apparent at the time of sentencing that a defendant may be a second violent felony offender, the People are required to file a second violent felony offender statement in accordance with CPL 400.15 and, if appropriate, the court is then required to sentence the defendant as a second violent felony offender (see Paige, 137 AD3d at 1660; cf. People v Scarbrough, 66 NY2d 673, 674 [1985]; see generally Penal Law §§ 70.02 [1]; 70.04 [1]). Here, no such statement was filed, although the People were aware that, approximately 10 years earlier, defendant had been incarcerated in North Carolina for a period of approximately 38 months on a prior conviction of voluntary manslaughter (see generally § 70.04 [1] [b]). Had the court concluded based on that predicate offense that defendant is a second violent felony offender for this class C violent felony, the court would have been constrained by statute to impose a sentence that includes a determinate term of incarceration of not less than seven years and not more than 15 years (see §§ 70.02 [1] [a], [b]; 70.04 [3] [b]; 120.10 [1]), and thus the six-year term of incarceration that defendant actually received pursuant to his plea agreement would have been illegal.
We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for further proceedings (see generally Paige, 137 AD3d at 1660). On remittal, the People must file the second violent felony offender statement (see id.) and will have the burden at a second violent felony offender hearing of establishing that the offense of which defendant was convicted in North Carolina is equivalent to a violent felony as defined in Penal Law § 70.02 (see generally People v Yancy, 86 NY2d 239, 247 [1995]). If the court concludes, pursuant to CPL 400.15, that defendant is a second violent felony offender, then the agreed-upon sentence is illegal, and the court must give defendant the opportunity to withdraw the plea (see generally People v Griffin, 72 AD3d 1496, 1497 [4th Dept 2010]). In light of our determination, we do not [*2]address defendant's remaining contention.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court