People v Cruz-Ocasio (2022 NY Slip Op 04878)

People v Cruz-ocasio

2022 NY Slip Op 04878

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.

584 KA 19-00697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH CRUZ-OCASIO, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 22, 2018. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We agree with defendant that County Court improperly sentenced him as a second felony offender. Inasmuch as the error "affects the legality of his sentence, the issue is reviewable irrespective of the validity of the waiver of his right to appeal" (People v Joseph, 167 AD3d 776, 777 [2d Dept 2018]; see People v Seaberg, 74 NY2d 1, 9 [1989]; People v Rodgers, 162 AD3d 1500, 1501 [4th Dept 2018], lv denied 32 NY3d 940 [2018]). Further, we may "address the illegality of the sentence despite . . . defendant's failure to raise the issue in the trial court" (People v Mattice, 152 AD3d 1240, 1240 [4th Dept 2017] [internal quotation marks omitted]). We conclude that defendant should have been sentenced as a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70 [1] [a], [b], [c]; see generally People v Yusuf, 19 NY3d 314, 318-319 [2012]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.
In light of our determination, defendant's remaining contentions are academic.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court