People v Smith (2024 NY Slip Op 05510)

People v Smith

2024 NY Slip Op 05510

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

112962
[*1]The People of the State of New York, Respondent,
v
Darryl Smith, Appellant.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 2, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was indicted and charged with criminal possession of a weapon in the second degree. The People extended an offer of 12 years in prison in exchange for defendant's guilty plea, but County Court indicated that a cap of nine years would be more appropriate. As a result, defendant agreed to plead guilty to the indictment with the understanding that County Court would cap his sentence at nine years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court thereafter sentenced defendant, as a second felony offender, to a prison term of nine years, to be followed by five years of postrelease supervision. This appeal ensued.
Defendant initially contends that his waiver of the right to appeal is invalid. We disagree. Although there is no question that the written waiver contained overbroad language (see People v Ellis, 229 AD3d 1006, 1006-1007 [3d Dept 2024]), "the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022] [internal quotation marks and citations omitted]). In this regard, although County Court's oral explanation of the appeal waiver did not include the words "separate and distinct," we have repeatedly recognized that "no particular litany or catechism is required during the allocution" (People v Martin, 179 AD3d 1385, 1386 [3d Dept 2020]; see People v Johnson, 14 NY3d 483, 486 [2010]; People v Boyette, 175 AD3d 751, 752 [3d Dept 2019], lv denied 34 NY3d 979 [2019]), and our review of the record confirms that the court "did not impermissibly lump defendant's appellate rights into the trial-related rights forfeited by virtue of defendant's guilty plea" (People v Crawford, 181 AD3d 1057, 1058 [3d Dept 2020] [internal quotation marks and citations omitted]; see People v Eaton, 182 AD3d 922, 923 [3d Dept 2020]). Notably, County Court delineated certain of the appellate rights that would survive the appeal waiver and made clear that defendant was not waiving the right to appeal all issues (compare People v Mitchell, 228 AD3d 997, 998 [3d Dept 2024]; People v Potter, 219 AD3d 1648, 1648-1649 [3d Dept 2023]), and defendant, in turn, confirmed his understanding thereof. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Martin, 179 AD3d at 1386). In light of the valid appeal waiver, defendant's challenge to the severity of the sentence is precluded (see People v Patterson, 228 AD3d 1138[*2], 1139 [3d Dept 2024]).
Defendant's remaining argument — that he was improperly sentenced as a second felony offender because the People failed to establish that the 10-year look-back period was tolled by the period of incarceration served in connection with his 2006 manslaughter conviction (see Penal Law § 70.06 [1] [b] [iv], [v]; CPL 400.21 [2]) — "implicates the legality of his sentence and, therefore, survives any appeal waiver" (People v Joseph, 227 AD3d 1233, 1234 [3d Dept 2024]). Additionally, "defendant was not required to preserve such a claim where, as here, the purported illegality is plain from the face of the appellate record" (People v McCall, 216 AD3d 1317, 1319 [3d Dept 2023] [internal quotation marks and citation omitted]). Defendant's argument on this point, however, overlooks the fact that the predicate felony statement filed by the People pursuant to CPL 400.21 referenced two prior felony convictions for defendant in New Jersey — one for manslaughter in the second degree in July 2006 and the other for robbery in the second degree in March 2011. The weapon offense at issue here was committed in February 2020. Hence, even assuming, without deciding, that the record fails to establish the time period during which defendant was incarcerated relative to the 2006 conviction and, by extension, whether the look-back period was tolled (see CPL 400.21 [2]; People v McCall, 216 AD3d at 1319; People v Faulkner, 211 AD3d 1172, 1173 [3d Dept 2022]), the fact remains that defendant's 2011 conviction falls squarely within the applicable 10-year period. In this regard, although defendant was not directly questioned about the 2011 conviction, County Court did expressly ask defendant whether he "wish[ed] to deny any allegation in the [predicate felony] statement, or to controvert the statement," to which defendant replied, "No, your honor." Defendant did not contest or otherwise object to the predicate felony statement filed by the People (see People v Howell, 178 AD3d 1148, 1149 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]) and, by statute, "[u]ncontroverted allegations in [such] statement shall be deemed to have been admitted by the defendant" (CPL 400.21 [3]; see People v Harley, 147 AD3d 1360, 1361 [4th Dept 2017], lv denied 29 NY3d 998 [2017]). Accordingly, we are satisfied that, utilizing defendant's 2011 conviction, defendant was properly sentenced as a second felony offender.
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.